UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| URIEL PHARMACY HEALTH AND WELFARE BENEFIT PLAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ADVOCATE AURORA HEALTH, INC., and AURORA HEALTH CARE, INC., <br><br> Defendants. | **PROTECTIVE ORDER** <br> Case No. 22-cv-0610 |

In consideration of the Stipulation For A [Proposed] Protective Order and the facts set forth therein, the Court finds the exchange of sensitive information between parties and third parties other than in accordance with this Order may cause unnecessary damage to the parties or to others. The Court further finds the terms of this Order are just and fair, and that good cause exists for entry of a protective order in this Litigation governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, deposition or other testimony, pleadings, and exhibits.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), Civil L. R. 26(e), and 45 C.F.R. Parts 160 and 164, **IT IS THEREFORE ORDERED**:

I. **DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

(a) "Action" means the above-captioned action.

(b) "Confidential Information" means any Material that a Producing Person in good faith believes contains trade secrets or non-public confidential technical, commercial, financial, personal, or business information.

(c) "Highly Confidential – Attorneys' Eyes Only – Information" means any Material that a Producing Person in good faith believes contains particularly sensitive trade secrets or other non-public confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation, including, for the avoidance of doubt, PHI.

(d) "Highly Confidential – Outside Counsel's Eyes Only – Information" means any Material from an entity that is not a party to this litigation and that a Producing Person in good faith believes contains particularly sensitive trade secrets or other non-public confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation.

(e) "Highly Confidential Information" means Highly Confidential – Attorneys' Eyes Only – Information and Highly Confidential – Outside Counsel's Eyes Only – Information.

(f) "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1966, as codified at 42 U.S.C. § 1320(d), and as may be amended from time to time, and all regulations implemented thereunder.

(g) "Industry Participant" means any consultant or expert who: (i) works, or has a present plan to work, either as an employee or a consultant in the healthcare industry; and (ii) who negotiates or consults on the negotiations, or has any role in the review or approval of such negotiations, between healthcare providers, on the one hand, and health insurers, on the other. It is expressly understood that the term "Industry Participant" excludes academics, accountants, behavioral psychologists, economists, IT consultants, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings.

2

(h) "Material" or "Materials" means any document, information, answers to interrogatories, responses to requests for admission, or deposition or trial testimony or any transcript thereof that is provided to any Party in connection with the litigation of this Action, or any copies, excerpts, summaries, or compilations thereof.

(i) "PHI" shall mean protected health information as that term is defined in 45 CFR § 160.103. "PHI" includes, but is not limited to, health information, including demographic information, relating to (1) the past, present, or future physical or mental condition of an individual, (2) the provision of care to an individual, or (3) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(j) "Privacy Standards" shall mean the regulations contained in 45 C.F.R. Parts 160 and 164, as may be amended from time to time.

(k) "Producing Person" or "Producing Persons" means any person or entity that produces or has produced Materials in this Action (including a Party or a Non-Party to this Action).

(l) "Receiving Person" means any person or entity (including a Party or a Non-Party to this Action) that receives Material from a Producing Person.

(m) "Party" or "Parties" means a named Party or Parties to this Action, except that under no circumstances shall the terms "Party" or "Parties" be interpreted to mean that any putative members of a putative class, other than the named putative class representatives as denominated by the Court, may obtain access to any Confidential or Highly Confidential Information.

## II. DESIGNATION OF MATERIAL

### A. Designation of Confidential or Highly Confidential Information.

1. Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words

3

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2. One who produces information, documents, or any other material in this Action may designate them CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY when the person believes in good faith that the information, documents, or other materials meet the definitions of "Confidential Information" (in the case of a CONFIDENTIAL designation) or "Highly Confidential Information" (in the case of a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation) as those terms are defined herein.

3. Except for information, documents, or any other materials produced for inspection at a Producing Person's facilities, the designation of information under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents, or any other materials are produced for inspection at a Producing Person's facilities, such information, documents, or any other materials may be produced for inspection before being designated under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. Once specific information, documents, or any other materials so inspected have been selected for copying, such information, documents, or any other materials containing Confidential Information or Highly Confidential Information will then be designated under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL'S EYES ONLY after copying but before delivery to the Party who inspected and selected them for copying. There will be no waiver of any protections under this Order by the inspection of information, documents, or any other materials produced for inspection before they are copied and designated under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

4. Whenever a deposition taken on behalf of any Party involves the disclosure of Confidential Information and/or Highly Confidential Information of any Producing Person(s), such Producing Person(s) may designate the deposition or portions thereof on the record as containing Confidential Information and/or Highly Confidential Information subject to the provisions of this Order. Such Producing Person(s) shall also have the right to exclude from attendance at the deposition, during such time as the Confidential Information and/or Highly Confidential Information is to be disclosed, any Person other than the deponent, counsel (including their staff and associates), the court reporter, and the Person(s) otherwise permitted to access Confidential Information and/or Highly Confidential Information in paragraphs 12, 13, and 15 of this Order. All transcripts of depositions will be treated as Highly Confidential – Outside Counsel's Eyes Only – Information in their entirety by default for thirty (30) days after the date a copy of the final transcript has been made available to the deponent (or to the deponent's counsel, as applicable) for review. Within five (5) days of receipt of the final transcript, the first Party that noticed the deposition shall arrange for the final transcript to be furnished to the deponent, unless the deponent has arranged to receive a copy of the final transcript directly from the court reporter. At any time during the thirty (30) days following receipt of the final transcript, the deponent or any Party or Non-Party may designate all or any part of the testimony as CONFIDENTIAL,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. Such designations must be provided in writing by the deponent or by the Party or Non-Party claiming the designation to counsel for the Parties and the deponent (including counsel for the deponent, if any). For purposes of this paragraph, a transcript that is available for the deponent to read and sign is considered a final transcript.

**B.      Inadvertent Failures to Designate.**

5. If a Producing Person inadvertently produces information, documents, or any other material containing Confidential Information or Highly Confidential Information without marking or labeling it CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, the information, documents, or any other material shall not lose its protected status through such production and the Receiving Person(s) shall take all steps reasonably required to assure its confidentiality if the Producing Person provides written notice to the Receiving Person(s) within ten (10) days of the discovery of the inadvertent production, identifying the information, document or any other material in question and of the corrected confidentiality designation under this Order. If the Receiving Person(s) has disclosed the materials before receiving the designation, the Receiving Person(s) must notify the Producing Person in writing of each such disclosure.

6. Inadvertent production of any Materials produced by any Producing Person that the Producing Person later determines in good faith should have been withheld from production on grounds of any applicable privilege, including, but not limited to, the attorney-client privilege or attorney work-product doctrine (collectively referred to hereinafter as "Inadvertently Produced Privileged Material"), will not be deemed to waive any applicable privilege or work product protection provided that the Producing Person satisfies the requirements of Fed. R. Evid. 501 and 502 in respect thereof.

6

**C.     Clawback and Return of Inadvertently Produced Materials.**

7.     Inadvertent productions of any Materials will be subject to a Clawback Mechanism set forth in an ESI Protocol that will be filed by the Parties for entry by the Court, as well as the following provisions:

(a)     The Producing Person may request the return of any Inadvertently Produced Privileged Material via a Clawback Mechanism set forth in an ESI Protocol that will be filed by the Parties for entry by the Court.

(b)     No Party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a Party from arguing based on the underlying facts and circumstances that the production of the allegedly Inadvertently Produced Privileged Material was not inadvertent or that conduct since production of the allegedly Inadvertently Produced Privileged Material constitutes waiver.

(c)     If the request for return of any Inadvertently Produced Privileged Material involves redaction of the Material, the redacted version of the Material must be provided within ten (10) business days of the request.

(d)     If the request for return of any Inadvertently Produced Privileged Material occurs during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Person's counsel and counsel for the Party or Parties shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order. In the event the claim of privilege is withdrawn or the Court determines the Material not to be subject to a valid claim of privilege, if counsel for the Parties and the Producing Person do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary, including a reopening that would have the effect of extending the time limit for the duration of a deposition.

(e) If an expert report or expert's testimony uses Material that a Producing Person identifies as Inadvertently Produced Privileged Material after service of the expert's report or rendition of the expert's testimony, then the Party sponsoring the expert report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Material from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Material. Neither the expert's report nor the expert's testimony can be stricken in whole or in part on the ground that the expert's report or expert's testimony had previously relied on Inadvertently Produced Privileged Material. In the event that an expert's report or expert's testimony has relied on Inadvertently Produced Privileged Material, the Parties agree to meet and confer on a schedule to allow the Party propounding an implicated expert report to modify or supplement such expert report within a reasonable period of time.

### III. CHALLENGES TO DESIGNATION OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION

8. At any stage of the proceedings in this Action, any Party may challenge the confidentiality designation(s) of any Producing Person(s) by notifying counsel for such Producing Person(s), in writing, of the confidentiality designation(s) to which the Party objects and the grounds for the objection. If the dispute is not resolved consensually between the relevant Party and Producing Person(s) within fourteen (14) days of receipt of such notice of objections, the objecting Party may seek Court intervention by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The Producing Person bears the burden of proving that the information, documents, or any other material at issue are properly designated under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

9. Should the Court determine any designation of confidentiality was in whole or in part improper, the information, document, or any other material improperly designated under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY may be disclosed and used in any manner not prohibited by the Court's determination and notwithstanding this Order.

10. Nothing in this Order constitutes an admission by any Party that Confidential Information or Highly Confidential Information disclosed in this Action is relevant or admissible. Each Party and Non-Party subject to this Order specifically reserves the right to object to the use or admissibility of any Materials designated as Confidential Information or Highly Confidential Information, in accordance with applicable law.

**IV. DISCLOSURE AND USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION.**

11. Information, documents, or any other material designated under this Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY may only be used by a Receiving Person for prosecuting, defending, or attempting to settle this Action. Confidential Information or Highly Confidential Information shall not be used or disclosed by any Receiving Party for any other purpose, unless otherwise ordered by this Court.

**A. Disclosure of Confidential Information.**

12. The Parties, Non-Parties, and counsel therefor shall not disclose or permit the disclosure of any Material designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (a)-(i) of this paragraph. For the avoidance of doubt, neither Mr. John D. Arnold nor Arnold Ventures LLC, nor any employees or agents thereof, may obtain access to any

Material designated as CONFIDENTIAL under this Order. Subject to these requirements, the following categories of persons may be allowed to review Material designated CONFIDENTIAL:

    a. <u>Parties.</u> Individual Parties and employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information is disclosed, and only after the execution of the acknowledgement contained in Exhibit A including consent to submit to the personal jurisdiction of the Court for purposes of enforcement of this Protective Order including, but not limited to, the full contempt powers of the Court.

    b. <u>The Court.</u> The Court and the Court's staff, including, but not limited to, judicial law clerks, court reporters, and members of the Clerk's Office involved in this Action.

    c. <u>Plaintiffs' Counsel.</u> Inside and outside counsel acting for the Plaintiffs in this Action and associated employees and agents of outside counsel.

    d. <u>Defendants' Counsel.</u> Inside and outside counsel acting for the Defendants in this Action and associated employees and agents of outside counsel.

    e. <u>Consultants and Experts.</u> Consultants, investigators, or experts (whether consulting or testifying experts), including their support staff, engaged by a Party or their outside counsel to assist in the preparation and trial of this Action. However, prior to their receipt of Material designated CONFIDENTIAL, such consultants and experts must execute the acknowledgement contained in Exhibit A.

    f. <u>Contractors and Vendors.</u> Outside contractors, professional vendors, or service providers (including, but not limited to, copy-service providers, court reporters, and document-management and discovery consultants) retained by any Party to assist in the prosecution or defense of this Action or otherwise assist in their retained work.

    g. <u>Authors, Recipients, and Senders.</u> Authors, addressees, and recipients of any particular Material designated as CONFIDENTIAL, solely to the extent that they have previously had lawful access to the particular Materials disclosed or to be disclosed.

    h. <u>Other Persons.</u> Persons other than those designated in § IV.A.12.g. (and their counsel) whom counsel for any of the Parties or Non-Parties believes, in good faith, to have previously had lawful access to any particular Material designated as CONFIDENTIAL; provided that, unless and until the person or their counsel confirms that the person had prior lawful access, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation. Prior to their receipt of Confidential Information, such persons must execute the acknowledgement contained in Exhibit A.

i. <u>Testifying Witnesses.</u> Deposition and trial witnesses in connection with their testimony in this lawsuit; provided that, prior to their receipt of Confidential Information, and provided they have not done so already pursuant to paragraphs 12(a), (e), or (h), such witnesses must execute the acknowledgment contained in Exhibit A and be permitted to review the information based on one of the categories above a, e, g, or h.

**B.      Disclosure of Highly Confidential – Attorneys' Eyes Only Information.**

13.     The Parties, Non-Parties, and counsel therefor shall not disclose or permit the disclosure of any Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any third party except as set forth in subparagraphs (a)-(i) of this paragraph. For the avoidance of doubt, neither Mr. John D. Arnold nor Arnold Ventures LLC, nor any employees or agents thereof, may obtain access to any Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order. Subject to these requirements, the following categories of persons may be allowed to review Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:

   a. <u>The Court</u>. The Court and the Court's staff, including, but not limited to, judicial law clerks, court reporters, and members of the Clerk's Office involved in this Action.

   b. <u>Plaintiffs' Outside Counsel</u>. Outside counsel acting for the Plaintiffs in this Action and associated employees and agents of outside counsel.

   c. <u>Defendants' Outside Counsel</u>. Outside counsel acting for the Defendants in this Action and associated employees and agents of outside counsel.

   d. <u>Party Designees</u>. Each Plaintiff and Defendant may designate, subject to such persons having completed the certification contained in Exhibit A, and subject to the approval of the Court or stipulation of the Parties, up to three (3) inside counsel representatives who can have access to Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The proposal to designate a designee must be accompanied by a declaration from each proposed designee detailing their responsibilities as an employee of the designating Party, confirming that they are not involved in competitive decision-making, and confirming that they will not share Highly Confidential – Attorneys' Eyes Only – Information or relate the substance therein to any Person not approved by the Court.

e. <u>Consultants and Experts</u>. Consultants, investigators, or experts (whether consulting or testifying experts), including their support staff, engaged by a Party or their outside counsel to assist in the preparation and trial of this Action. However, prior to their receipt of Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such consultants and experts must execute the acknowledgement contained in Exhibit A.

f. <u>Contractors and Vendors</u>. Outside contractors, professional vendors, or service providers (including, but not limited to, copy-service providers, court reporters, and document-management and discovery consultants) retained by any Party to assist in the prosecution or defense of this Action or otherwise assist in their retained work.

g. <u>Authors, Recipients, and Senders</u>. Authors, addressees, and recipients of any particular Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, solely to the extent that they have previously had lawful access to the particular Material disclosed or to be disclosed.

h. <u>Other Persons</u>. Persons other than those designated in § IV.B.13.g. (and their counsel) whom counsel for any of the Parties or Non-Parties believes, in good faith, to have previously had lawful access to any particular Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; provided that, unless and until the person or their counsel confirms that the person had prior lawful access, only as much of the Highly Confidential – Attorneys' Eyes Only – Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation. Prior to their receipt of Highly Confidential – Attorneys' Eyes Only – Information, such persons must execute the acknowledgement contained in Exhibit A.

i. <u>Testifying Witnesses</u>. Deposition and trial witnesses in connection with their testimony in this lawsuit; provided that, prior to their receipt of Highly Confidential – Attorneys' Eyes Only – Information, and provided they have not done so already pursuant to paragraphs 13(e), or (h), such witnesses must execute the acknowledgment contained in Exhibit A and must fall within one of the categories above, e.g. e, g, or h.

14. Specifically with respect to the disclosure of PHI, all Parties and Non-Parties that have subscribed and are subject to this Order shall abide the following:

a. The Parties will hold all PHI confidentially and will not use or disclose the PHI produced in this Action for any other purpose or in any other proceedings of any nature.

b. The Parties will use, store, and disclose all PHI in compliance with HIPAA and the Privacy Standards while such PHI is in their possession, custody, or control.

c.  No document containing PHI and designated under this Order as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be read by any person other than the Parties' counsel of record for this Action, their employees who are bound by confidentiality restrictions by the counsel of record, their retained experts, and the patients whose PHI is disclosed.

## C. Disclosure of Highly Confidential – Outside Counsel's Eyes Only Information.

15. Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall not be disclosed to any person except as set forth in subparagraphs (a)-(i) of this paragraph. For the avoidance of doubt, neither Mr. John D. Arnold nor Arnold Ventures LLC, nor any employees or agents thereof, may obtain access to any Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY under this Order. Subject to these requirements, the following categories of persons may be allowed to review Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY:

   a.  <u>The Court</u>. The Court and the Court's staff, including, but not limited to, judicial law clerks, court reporters, and members of the Clerk's Office involved in this Action.

   b.  <u>Plaintiffs' Outside Counsel</u>. Outside counsel acting for the Plaintiffs in this Action and associated employees and agents of outside counsel.

   c.  <u>Defendants' Outside Counsel</u>. Outside counsel acting for the Defendants in this Action and associated employees and agents of outside counsel.

   d.  <u>Consultants and Experts</u>. Consultants or experts (whether consulting or testifying experts), including their support staff, engaged by a Party or their outside counsel to assist in the preparation and trial of this Action. However, prior to their receipt of Material designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, such consultants and experts must execute the acknowledgement contained in Exhibit A.

   e.  <u>Contractors and Vendors</u>. Outside contractors, vendors, or service providers (including, but not limited to, copy-service providers, court reporters, and document-management and discovery consultants) retained by any Party to assist in the prosecution or defense of this Action. However, prior to their receipt of Material designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, such contractors, vendors, and/or service providers must execute the acknowledgement contained in Exhibit A. For the avoidance of doubt, any contractors, vendors, or service providers consisting of multiple employees need only execute one acknowledgment on

behalf of their respective organizations, which shall be binding on all employees of said organizations who perform work for this Action.

- f. <u>Authors, Recipients, and Senders</u>. Authors, addressees, and recipients of any particular Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, solely to the extent that they have previously had lawful access to the particular Material disclosed or to be disclosed.

- g. Other Persons. Persons other than those designated in § IV.C.15.f. (and their counsel) whom counsel for any of the Parties or Non-Parties believes, in good faith, to have previously had lawful access to any particular Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY; provided that, unless and until the person or their counsel confirms that the person had prior lawful access, only as much of the Highly Confidential – Outside Counsel's Eyes Only – Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation. Prior to their receipt of Highly Confidential – Outside Counsel's Eyes Only – Information, such persons must execute the acknowledgement contained in Exhibit A.

- h. <u>Producing Party Witnesses</u>. Witnesses currently or formerly affiliated with a Producing Party; provided that, prior to their receipt of Highly Confidential – Outside Counsel's Eyes Only – Information, and provided they have not done so already, such witnesses must execute the acknowledgment contained in Exhibit A.

16. Specifically with respect to the disclosure of PHI, all Parties and Non-Parties that have subscribed and are subject to this Order shall abide the following:

- a. The Parties will hold all PHI confidentially and will not use or disclose the PHI produced in this Action for any other purpose or in any other proceedings of any nature.

- b. The Parties will use, store, and disclose all PHI in compliance with HIPAA and the Privacy Standards while such PHI is in their possession, custody, or control.

- c. No document containing PHI and designated under this Order as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall be read by any person other than the Parties' counsel of record for this Action, their retained experts, and the patients whose PHI is disclosed.

**D. <u>Disclosure To a Receiving Person Not Authorized to Receive Such Disclosure.</u>**

17. In the event of a disclosure of any Confidential Information or Highly Confidential Information to a Receiving Person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall promptly notify the Producing

14

Person whose Material has been disclosed and provide to such Producing Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed Material or waive the right to maintain the disclosed Material as containing Confidential Information or Highly Confidential Information. Any order of this Court not including subpoenas issued by counsel for the Parties requiring the production of any Materials constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

V. **USE OF INFORMATION DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL IN THIS ACTION**

18. <u>Filing with the Court.</u> Filings in the Court referencing or attaching any information, document, or other material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall comply with General L. R. 79. Any such designation will not impact the Court's determination of whether to grant a motion to restrict access or seal any material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. Instead, any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record.

19. <u>Disclosure in Public Proceedings.</u> A Receiving Person shall give the Producing Person reasonable notice of five business days if the Receiving Person reasonably expects a public hearing or other public proceeding before the Court to include material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY so that the Producing Person can ensure that only authorized individuals are present at those proceedings or seek other appropriate relief. In the absence of a subsequent Court Order governing disclosure at trial of any Materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, any Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY that appears on an exhibit list or in deposition designations, and that is used at trial, will be disclosed on the public record, and any examination relating to such Material will likewise be disclosed on the public record. Parties seeking to seal or restrict access to proceedings involving such Materials must do so by separate agreement of the parties or a subsequent Court order, either of which must be made or filed at or before the final pretrial conference, unless there is good cause for raising a motion at trial.

**VI.     PROCEDURES UPON TERMINATION OF THIS ACTION**

20.     The obligations imposed by this Protective Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Protective Order, orders otherwise. At the conclusion of litigation, all Confidential Information and Highly Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to appeal) returned to the Producing Person or certified as destroyed. The foregoing provision shall not apply if the document has been, without restriction as to disclosure, admitted into evidence at any trial or hearing in this proceeding or otherwise filed with the Court.  Notwithstanding the foregoing, outside counsel for each Party may retain all pleadings, briefs, memoranda, motions, attorney work product, and other documents filed with the Court that refer to or incorporate Confidential Information or Highly Confidential Information (except for PHI), and will continue to be bound

by this Order with respect to all such retained information, after the conclusion of this Action. For the avoidance of doubt with respect to PHI, at the termination of this Action, all PHI produced in the Action and designated under this Order as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall be returned to counsel for the persons whose PHI was produced in the Action, and/or disposed of or destroyed pursuant to HIPAA.

## VII. APPLICATION TO NON-PARTIES.

21. The terms and conditions of this Protective Order shall apply to all Non-Parties (including, but not limited to, natural persons, corporations, partnerships, firms, government agencies, departments or bodies, boards or associations) who receive lawful discovery requests and/or subpoenas in connection with this Action.

22. Any Party who serves such a request and/or subpoena on a Non-Party shall include a copy of this Protective Order and shall advise the receiving Non-Party that a Protective Order has been entered and that Material produced in response to lawful discovery will be subject to disclosure under the terms and conditions of the Protective Order.

23. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## VIII. MISCELLANEOUS PROVISIONS.

24. All notices required or permitted to be provided by this Protective Order shall be made by e-mail. In the event that notification by e-mail is impractical, a notice shall be made by either: (i) personal hand-delivery of the notice to counsel of record or an unrepresented affected person; or (ii) sending the notice by a courier for overnight delivery to counsel of record or an unrepresented affected person.

17

Case 2:22-cv-00610-LA   Filed 01/22/24   Page 17 of 19   Document 56

25. The foregoing is entirely without prejudice to the right of any Party or Non-Party to apply to the Court for any further relief relating to Confidential Information or Highly Confidential Information, or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Protective Order.

26. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation. In rendering advice or otherwise communicating with his or her client, counsel shall not disclose the content of any Confidential Information or Highly Confidential Information where such disclosure would not otherwise be permitted under the terms of this Protective Order. If any Party or person bound by the terms and conditions of this Protective Order receives a subpoena or other process from any person (including, but not limited to, natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, or boards or associations) who is not subject to the terms and conditions of this Protective Order, and if the subpoena or other process seeks the production or other disclosure of Confidential Information or Highly Confidential Information, the Party or person receiving the subpoena shall notify the Producing Person of the Confidential Information or Highly Confidential Information of the existence of the subpoena or other process as soon as reasonably practicable and, in any event, no later than three (3) business days after receipt of the subpoena or other process. In addition, the Party or person receiving the subpoena or other process shall inform the issuing person that the materials sought are subject to the terms and conditions of this Protective Order and may not be disclosed absent (i) the consent of the source of the Confidential Information or Highly Confidential Information or (ii) a court order issued by a court

of competent jurisdiction. The Party or person subject to the subpoena or other process shall not produce or disclose the requested information until the occurrence of one of these two conditions.

27. The terms of this Protective Order shall be binding upon all current and future Parties to this Action and their counsel.

SO ORDERED, this the 22nd day of January, 2024.

                                      /s/ Lynn Adelman
                                      Lynn Adelman
                                      United States District Judge