URIEL PHARMACY HEALTH AND WELFARE PLAN;

*et al.*,

       Plaintiffs,

       v.

ADVOCATE AURORA HEALTH, INC.

*et al.*

       Defendants.

Case No. 2:22-cv-610-LA

# PLAINTIFFS' CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DEFENDANTS TO REPRODUCE CORPORATE WITNESS TO TESTIFY ON DEFENDANTS' COMMUNICATIONS WITH FEDERAL AND STATE AUTHORITIES

Plaintiffs initially sought a Rule 30(b)(6) deposition as to Defendants Advocate Aurora Health, Inc.'s and Aurora Health Care, Inc.'s (together, "AAH") communications with antitrust regulators. After negotiations, Plaintiffs agreed to narrow the topic for an upcoming deposition to *only* communications with the U.S. Department of Justice ("DOJ") about a Civil Investigative Demand ("CID") DOJ had issued to AAH in 2020 as part of an antitrust investigation into AAH's "All Plans Clause," the contractual restraint at issue in this litigation. AAH produced Daniel Brzozowski, AAH's in-house counsel responsible for coordinating AAH's response to the CID. But at his September 29 deposition Mr. Brzozowski was wholly unprepared to testify on the issue, repeatedly claiming he did not know what "outside counsel" may have told DOJ, or what key phrases meant in a presentation to DOJ he himself delivered. Moreover, in that 3-hour deposition, AAH's counsel objected to scope more than 200 times (more than once a minute), often leading Mr. Brzozowski to give a non-answer. Plaintiffs therefore respectfully move the Court to compel AAH to reproduce or, if necessary, redesignate a corporate witness with knowledge of what AAH communicated to DOJ during DOJ's investigation into the same conduct at issue here.

**Background.** The substantially narrowed topic about which Mr. Brozowski was to testify—covering only AAH's communications with DOJ in response to the CID about (i) AAH's market power, (ii) AAH's market share, and (iii) the "All Plans Clause" restraint—was the result of extensive negotiation and compromise between the parties. *See* Declaration of Jamie Crooks ("Crooks Decl."), Ex. A at 8-9; Ex. B at 6; Ex. C at 10-11 (correspondence preceding September 29 deposition). While at the time of Mr. Brzozowski's deposition there were outstanding disputes about *other* issues related to Topic 17 (*e.g.*, whether it covered communications with FTC and whether it covered a subsequent merger between AAH and another system), the Parties were in agreement at the time of Mr. Brzozowski's deposition that AAH's communications with DOJ relating to the CID were an appropriate 30(b)(6) topic. Crooks Decl., Ex. D at 2-3.

**The Deposition.** Whether through lack of preparation—Mr. Brzozowski did not speak to anyone at AAH besides counsel to prepare, Crooks Decl., Ex. E (deposition transcript), at 21:4-22:19—or as a result of counsel's relentless coaching, the resulting deposition was replete with "I

1

don't knows" and "I don't recalls" in response to questions about what AAH told DOJ and what its bases were for doing so. *See, e.g.*, *id.* at 45:12-19; 55:11-20; 56:20-57:2; 58:16-59:4; 63:13-19; 71:8-13; 76:20-77:4; 77:5-13; 86:16-23; 95:8-14; 98:11-21. Mr. Brzozowski repeatedly claimed he did not know what AAH's outside counsel had told DOJ about key topics, including, *e.g.*, whether AAH disclosed that insurers had sought to have the All Plans Clause removed, *id.* at 76:20-77:13, and whether AAH had any empirical basis for telling DOJ that the Clause enhanced competition, *id.* at 86:16-23, and led to lower prices, *id.* at 98:11-21. When asked about documents—including a presentation *he made* to DOJ—Mr. Brzozowski repeatedly parroted his counsel's objection that the document "speaks for itself," declining to provide any detail about what supported the representations in the document. *E.g.*, *id.* at 100:11-21, 148:24-149:16.[1] Moreover, during the course of this three-hour deposition, AAH's counsel objected to scope *more than 200 times*, often leading to a "don't know" or "do not recall" answer. Crooks Decl., Ex. F, at 5-7 (letter documenting scope objections).[2] Effectively, when asked about anything other than the written words on documents sent to DOJ, Mr. Brzozowski disclaimed having knowledge of what was shared with DOJ, and when asked about the words on the page, the theme of his testimony was that the documents speak for themselves. Ex. F, at 3-8 (cataloging testimony).

**Argument.** A corporate deponent must "testify about information known or reasonably known to the organization," Fed. R. Civ. P. 30(b)(6), and must be prepared to "answer fully, completely, unevasively, the questions posed by the discovering party as to relevant subject matters," *Hunter v. WirelessPCS Chi. LLC*, 2021 WL 4621889, *9 (N.D. Ill. Oct. 5, 2021) (cleaned

---

[1] Counsel raised this improper objection more than 30 times, *id.* at 49:14-15, 50:18-19; 66:18-25, 87:25-88:1; 93:25-94:2; 100:17-19; 110:10-12; 110:24-111:1; 112:10-12; 113:18-20; 114:8-10; 132:16-17; 146:8-9; 149:3-5; 149:13-14; 149:24-150:1; 155:11-13; 156:21-22; 158:3-4; 158:10; 158:15-17; 165:24-166:1; 167:8-9; 167:20; 168:15-17; 169:10-11; 169:18; 170:1; 170:17-19; 172:5-6; 179:10-11, and Mr. Brzozowski repeatedly followed her lead and gave that or a similar non-response when asked about the basis for a statement to DOJ, *id.* at 92:1-8, 100:11-100:21; 110:24-111:1; 132:10-23; 148:24-149:9; 149:10-16.

[2] Citations in that letter are to the rough transcript attached to it, Ex. F at 10-196, not the final transcript attached as Ex. E to the Crooks Declaration (the paginations differ).

up). One important purpose of 30(b)(6) depositions is to "curb[] the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization." *United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, 2022 WL 784522, at *1 (E.D. Wis. Mar. 15, 2022) (Adelman, J.). Yet that is precisely what Mr. Brzozowski did throughout his testimony.

When an antitrust defendant defends its conduct on the basis that it was "procompetitive," such a justification must be "nonpretextual." *See Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 463 (7th Cir. 2020). Thus, AAH's true reasons for enforcing the All Plans Clause are key to the merits. Relatedly, if AAH repealed the Clause only because law enforcement was investigating it, that would undercut AAH's purported justification that the Clause was necessary to guarantee volume or enhance quality. After DOJ's Antitrust Division launched an investigation into the Clause, AAH repealed the provision and argued to DOJ that this obviated the need for an enforcement action. AAH also apparently argued to DOJ that the Clause lowered AAH's prices and did not impede insurers from implementing cost-saving measures. But Mr. Brzozowski could not answer basic questions about what AAH's bases were for making these representations, whether AAH disclosed that insurers had protested the Clause, or whether DOJ's investigation led its repeal. To evade these questions, Mr. Brzozowski repeatedly disclaimed knowing why "outside counsel" made representations to DOJ or what those representations meant.

The Court should require AAH to produce an adequately prepared witness on this important issue. *Zeikos Inc. v. Walgreen Co.*, 2024 WL 4836071, at *1, *3-4 (N.D. Ill. Nov. 30, 2024) (compelling redeposition where corporate deponent was underprepared and counsel objected nearly 300 times in 7-hour deposition).[3]

---

[3] After the deposition, Plaintiffs emailed AAH stating their belief that they were entitled to a redesignation or redeposition. *See* Ex. F. On October 9, AAH responded stating its disagreement. Crooks Decl., Ex. G. After multiple emails, AAH stated at an October 16 meet and confer that it would not make another witness available on Topic 17 but would consider answering written discovery on the matter instead. Plaintiffs notified AAH on October 17 that it did not find this proposal acceptable given the importance of the subject matter. Crooks Decl., Ex. H.

| | /s/ Jamie Crooks |
|---|---|
| Eric L. Cramer | Jamie Crooks |
| Michaela L. Wallin | Yinka Onayemi |
| Sarah R. Zimmerman | **FAIRMARK PARTNERS, LLP** |
| **BERGER MONTAGUE PC** | 400 7th Street, NW, Ste. 304 |
| 1818 Market Street, Suite 3600 | Washington, DC 20004 |
| Philadelphia, PA 19103 | Ph: (617) 642-5569 |
| Ph: (215) 875-3000 | Email: jamie@fairmarklaw.com |
| Email: ecramer@bm.net | yinka@fairmarklaw.com |
| mwallin@bm.net | **Counsel for All Plaintiffs** |
| szimmerman@bm.net | |
| **Counsel for All Plaintiffs** | Kevin M. St. John, SBN 1054815 5325 |
| | **BELL GIFTOS ST. JOHN LLC** |
| Daniel J. Walker | Wall Street, Suite 2200 |
| **BERGER MONTAGUE PC** | Madison, WI 53718 |
| 1001 G Street, NW, Ste. 400E | Ph: (608) 216-7990 |
| Washington, DC 20006 | Email: kstjohn@bellgiftos.com |
| Ph: (202) 559-9745 | **Counsel for Uriel Pharmacy Inc., Uriel** |
| Email: dwalker@bm.net | **Pharmacy Health and Welfare Plan** |
| **Counsel for All Plaintiffs** | |

Timothy Hansen
James Cirincione
**HANSEN REYNOLDS, LLC**
301 N. Broadway, Suite 400
Milwaukee, WI 53202
Email: thansen@hansenreynolds.com
jcirincione@hansenreynolds.com
**Counsel for All Plaintiffs**