## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| URIEL PHARMACY HEALTH AND WELFARE PLAN; AND URIEL PHARMACY, INC., on their own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        VS.<br><br>ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC.,<br><br>                  Defendants. | Case No. 2:22-cv-00610 |
| PATRICK SHAW, DEBRA SHAW, and HALEY SHAW, on their own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC.,<br><br>                  Defendants. | Case No. 2:24-cv-00157 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO FILE UNDER RESTRICTED ACCESS

Defendants Advocate Aurora Health, Inc. and Aurora Health Care, Inc. ("Defendants"), pursuant to General L.R. 79(d), respectfully move to file the documents listed below such that access to those documents will be restricted to the Court and counsel for the parties. Pursuant to General L.R. 79(d)(2), public redacted copies of the documents are being filed concurrent with this motion.

Section I below sets forth the basis for restricting access to the identified documents. In

1

Section II, Defendants propose a procedure to assist the Court in preparing public versions of any restricted-access documents filed under restricted access that the Court deems essential to its decision.

## I. Access should be restricted to the Court and counsel for the parties.

"[T]he antitrust context presents its own particular challenges for courts weighing the public release of information." *Methodist Health Servs. Corp.*, No. 113CV01054SLDJEH, 2016 WL 5817176, at *18 (C.D. Ill. Sept. 30, 2016), *aff'd*, 859 F.3d 408 (7th Cir. 2017). Discovery "in antitrust litigation, by its broad nature, requires the production of sensitive information regarding business strategy, financials, and operations." *Id.* (citing *AlliedSignal, Inc. v. B.F. Goodrich Co.*, 183 F.3d 568, 577 (7th Cir. 1999)). Such information often must be shielded from public view, including to eliminate the risk of pricing information being "used by other parties as 'the basis of effective collusion' in future negotiations," and to avoid giving "an unfair advantage" to parties in such negotiations. *Id.* (quoting *Ball Mem'l Hosp., Inc.*, 784 F.2d at 1346). This antitrust litigation is no different. The sensitive information listed below in Sections I.A–C should be accessible only to the Court and counsel for the parties.

### A. Excerpts from deposition transcripts of Defendants' witnesses and confidential documents produced by Defendants

Defendants ask that the following documents be filed under restricted access:

- Declaration of Anne Johnson Palmer in Support of Defendants' Motions to Exclude the Expert Testimony of Jeffrey J. Leitzinger, Louis F. Rossiter, and Mark Wernicke ("Johnson Palmer *Daubert* Declaration"), Ex. 15;

- Johnson Palmer *Daubert* Declaration, Ex. 16;

- Johnson Palmer *Daubert* Declaration, Ex. 17;

- Johnson Palmer *Daubert* Declaration, Ex. 36; and

2

- Johnson Palmer *Daubert* Declaration, Ex. 37.

These documents are deposition transcript excerpts of Defendants' witnesses or internal, confidential documents produced by Defendants. The excerpts and documents contain sensitive information regarding Defendants' business practices, market analyses, proprietary business intelligence, and other information that is kept confidential or not regularly shared. Public disclosure of this information would cause Defendants harm because it would disclose Defendants' internal analyses relating to Defendants' competitors and third parties with whom Defendants contract, thereby giving such parties a competitive advantage. Good cause exists to restrict access to this information. *See Patriot Universal Holdings, LLC v. Formax, Inc.*, 24 F. Supp. 3d 802, 808 (E.D. Wis. 2014) (granting motion to seal where "the materials contained therein [were] confidential business records"); *see also Wisconsin Alumni Rsch. Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (granting motion to seal "manufacturing agreements" with third parties and others as well as "related documents" where such documents are not disclosed or otherwise made public); *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (holding that information about terms and conditions of contracts "that might give other firms an unearned competitive advantage" is legitimately confidential information that competitors should not have); *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2016 WL 5817176, at *18 ("Specific to the healthcare industry, the Seventh Circuit has acknowledged that the release of provider-payer rate negotiations could result in an unfair advantage to providers.") (citing *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1345 (7th Cir. 1986)).

**B.      Deposition transcripts and other documents that third parties designated confidential under the Protective Orders**

The following transcripts and other documents should be filed under restricted access in

accordance with the Protective Orders in these cases (No. 22-cv-610, ECF No. 66, and No. 24-cv-157, ECF No. 25), because they were designated confidential by the third-party subpoena recipients who testified or produced documents in reliance on the Protective Orders:

- Johnson Palmer *Daubert* Declaration, Ex. 11;
- Johnson Palmer *Daubert* Declaration, Ex. 22;
- Johnson Palmer *Daubert* Declaration, Ex. 26;
- Johnson Palmer *Daubert* Declaration, Ex. 27;
- Johnson Palmer *Daubert* Declaration, Ex. 28;
- Johnson Palmer *Daubert* Declaration, Ex. 29;
- Johnson Palmer *Daubert* Declaration, Ex. 30;
- Johnson Palmer *Daubert* Declaration, Ex. 31;
- Johnson Palmer *Daubert* Declaration, Ex. 32;
- Johnson Palmer *Daubert* Declaration, Ex. 33;
- Johnson Palmer *Daubert* Declaration, Ex. 34;
- Johnson Palmer *Daubert* Declaration, Ex. 35;
- Johnson Palmer *Daubert* Declaration, Ex. 38;
- Johnson Palmer *Daubert* Declaration, Ex. 39;
- Johnson Palmer *Daubert* Declaration, Ex. 40; and
- Johnson Palmer *Daubert* Declaration, Ex. 58.

Defendants certify pursuant to General Local Rule 79(d)(4) that they have met and conferred with third parties in a good faith attempt to limit the scope of the documents and materials listed in this Section I.B, and that Defendants' efforts resulted in some documents being de-designated and filed publicly. For all documents listed above, the corresponding third

4

party's counsel has requested that any reference to the third party's information be redacted and treated consistent with its designation under the Protective Order. Defendants informed each such third party of its obligation under General Local Rule 79(d)(3) to provide "sufficient factual basis demonstrating good cause sufficient to seal the documents" as the party that designated the information under the Protective Orders.

The third-party materials listed above generally contain references to, and discussions of, confidential business information such as sensitive, non-public, contracting terms and details of contract negotiations. The release of such confidential business information may cause unnecessary harm to third parties as "public disclosure of the information would effectively afford other [medical providers] an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstances of the [documents] having become caught up in litigation and as a result having become filed in court." *Formax Inc.*, 2014 WL 792086, at *3 (citation omitted). Defendants support the continued sealing of these materials.

### C. Expert reports, deposition transcripts, briefs, and declarations

Defendants ask that the following expert witness reports and deposition transcripts be filed under restricted access:

- Brief in Support of Defendants' Motions to Exclude the Expert Testimony of Jeffrey J. Leitzinger;

- Brief in Support of Defendants' Motions to Exclude the Expert Testimony of Louis F. Rossiter;

- Brief in Support of Defendants' Motions to Exclude the Expert Testimony of Mark Wernicke;

- Johnson Palmer *Daubert* Declaration;

- Johnson Palmer *Daubert* Declaration, Ex. 1;

- Johnson Palmer *Daubert* Declaration, Ex. 2;

- Johnson Palmer *Daubert* Declaration, Ex. 3;

- Johnson Palmer *Daubert* Declaration, Ex. 4;

- Johnson Palmer *Daubert* Declaration, Ex. 5;

- Johnson Palmer *Daubert* Declaration, Ex. 6;

- Johnson Palmer *Daubert* Declaration, Ex. 7;

- Johnson Palmer *Daubert* Declaration, Ex. 8;

- Johnson Palmer *Daubert* Declaration, Ex. 9;

- Johnson Palmer *Daubert* Declaration, Ex. 10;

- Johnson Palmer *Daubert* Declaration, Ex. 13;

- Johnson Palmer *Daubert* Declaration Ex. 14;

- Johnson Palmer *Daubert* Declaration, Ex. 18; and

- Johnson Palmer *Daubert* Declaration, Ex. 19

These documents are expert reports or deposition transcripts of experts in these cases or briefs that cite to these documents or the documents identified in Sections I.A and I.B. The reports, the opinions therein, and the deposition transcripts relate to Defendants' contract terms with third parties, business practices, market analyses, proprietary business intelligence, financials, and other information Defendants keep confidential or do not regularly share. In addition, the reports and transcripts contain information deemed confidential by third parties that relate to these third parties' contract terms, business practices, market analyses, proprietary business intelligence, and other information these third parties keep confidential or do not

6

regularly share. The briefs and declaration cite to these reports and deposition transcripts, as well as the documents identified in Section I.A and I.B. The same reasons set forth earlier support that this information be restricted, particularly in the context of this antitrust class action. *See supra*, §§ I.A-B; *see also Formax Inc.*, 2014 WL 792086, at \*4 ("Documents containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal."); *Grove US LLC v. Sany Am. Inc.*, No. 13-C-677, 2019 WL 969814, at \*9 (E.D. Wis. Feb. 28, 2019) ("The sealed exhibits and filings in this case reference confidential, non-public, proprietary, and competitive information regarding the parties' business operations. This information is worthy of confidentiality under Federal Rule of Civil Procedure 26(c)(1)(G).").

## II. Proposed procedure to address documents that may form the basis of the Court's forthcoming decisions

Information "that does not 'influence or underpin' a judicial decision need not be made public," but defendants understand that materials that ultimately "form[] the basis of … the [Court]'s resolution'" may later need to be filed in the public record. *Strasser v. City of Milwaukee*, No. 14-CV-1456, 2017 WL 10544079, at \*1 (E.D. Wis. Feb. 25, 2017) (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545, 548 (7th Cir. 2002)); *but see Baxter Int'l*, 297 F.3d at 545 (even materials that "underpin the judicial decision" may remained sealed or restricted if "they meet the definition of trade secrets or other categories of bona fide long-term confidentiality").

In *Methodist Health Services Corp.*, the court dealt with this issue by creating public versions of documents that the parties filed under seal in order to disclose only those portions that proved essential to the court's later decision. *Methodist Health Servs. Corp.*, 2016 WL 5817176, at \*18-19 (accepting the "parties' designations of confidential information, except in

7

regard to those documents that underpin the Court's ruling on the summary judgment motion"). The court created and filed public versions of certain documents that underpinned its ruling, "unsealing only the portions cited in its Order." *Id.* at \*19

For purposes of judicial economy and to avoid burdening the Court, Defendants suggest that they do the work that the court did in *Methodist Health Services Corp.* When the Court issues its decision on Defendants' pending *Daubert* motions, Defendants ask that they be permitted fourteen days to prepare and propose public versions of documents that would disclose information that underpins the Court's decision and is not subject to a countervailing interest requiring long-term confidentiality.

## III.    General Local Rule 79(d)(4) certification

Defendants certify pursuant to General Local Rule 79(d)(4) that they have met and conferred with Plaintiffs in a good faith attempt to limit the scope of the documents and materials subject to this request and that the Uriel Plaintiffs took no position as to Exhibit 22, opposed the filing of Exhibits 1-2, 5-10, 13-19,36-37 under restricted access, and took no position on the remaining documents. The Shaw Plaintiffs requested that Exhibit 22 and certain footnotes to Exhibits 7 and 8 be filed under restricted access, opposed the filing of Exhibits 3-9, 13, 15-19, and 36-37 under restricted access, and took no position on the remaining documents.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court enter an order granting the filing of the documents identified above such that access to those documents is limited to the Court and counsel for the parties. Defendants also respectfully request that they be permitted fourteen days after the Court issues its decision to prepare any necessary public versions of documents such that those portions essential to the Court's decision are disclosed.

8

Date: June 2, 2026

*/s/ Nathan J. Oesch*
Daniel E. Conley
Nathan J. Oesch
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Telephone: 414.277.5000
Fax: 414.271.3552
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek
QUARLES & BRADY LLP
33 E Main St, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Fax: 608.251.9166
matthew.splitek@quarles.com

Jane E. Willis
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: 617.951.7000
Fax: 617.951.7050
jane.willis@ropesgray.com

Rocky C. Tsai
Anne Johnson Palmer
ROPES & GRAY LLP
One Maritime Plaza, Suite 1800
300 Clay Street
San Francisco, CA 94111
Telephone: 415.315.6300
Fax: 415.315.6350
rocky.tsai@ropesgray.com
anne.johnsonpalmer@ropesgray.com

9