**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| URIEL PHARMACY HEALTH AND WELFARE PLAN; URIEL PHARMACY, INC.; HOMETOWN PHARMACY; AND HOMETOWN PHARMACY HEALTH and WELFARE BENEFITS PLAN, on their own behalf and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 2:22-cv-610 |
| v. | |
| ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC., | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'**
**MOTION FOR CLASS CERTIFICATION**

And now, on this _____ day of _____, 2026, upon consideration of

Plaintiffs' Motion for Class Certification, all evidence submitted in connection therewith, all

argument made thereon, and all responses and arguments thereto, it is hereby ORDERED that the

Motion is GRANTED. The Court makes the following findings and determinations as required

by Rule 23:

1. Pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), the Class, which shall

hereinafter be denominated the "Class," is defined as follows:

> All entities that purchased in-network Healthcare Services directly from Advocate
> Aurora Health, Inc. or Aurora Health Care, Inc. ("AAH") providers in Eastern
> Wisconsin at any time during the period from May 24, 2018 up to and including
> December 31, 2022 (the "Class Period"), to the extent such purchases were made
> pursuant to contracts between AAH and any of the following Network Vendors:

1

Anthem/Blue Cross Blue Shield of Wisconsin, United Healthcare, Cigna Healthcare, Humana Inc., Wisconsin Physicians Services, Health Payment Systems, and/or Trilogy Health Solutions.[1] Excluded from the Class are AAH, and their officers, directors, management, employees, subsidiaries, or affiliates, judicial officers and their personnel, and all federal governmental entities.

2.     The Class is so numerous and geographically dispersed that joinder of all members thereof is impracticable. *See* Fed. R. Civ. P. 23(a)(1). According to data produced in this litigation, the Class has at least 6,809 members geographically dispersed throughout Eastern Wisconsin, which is more than sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(1). The Court thus finds that Rule 23(a)(1) is satisfied.

3.     Pursuant to Rule 23(c)(1)(B), the Court determines that the following issues relating to claims and/or defenses present common, Class-wide questions, including:

    a.  Whether AAH engaged in the Challenged Conduct in Eastern Wisconsin.

    b.  Whether the Challenged Conduct was an unreasonable restraint of trade.

    c.  Whether AAH had market power and used it to impose and maintain the Challenged Conduct.

    d.  Whether the Challenged Conduct had anticompetitive effects that outweigh any cognizable procompetitive benefits.

    e.  Whether antitrust impact (i.e., an overcharge) to the Class can be proven with common evidence.

    f.  Whether aggregate Class-wide damages can be reliably measured.

4.     The Court determines that the foregoing Class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

---

[1] "Healthcare Services" are inpatient and outpatient facility claims (for use of a facility) and claims for professional services (for treatment by a healthcare professional). "Eastern Wisconsin" comprises the following Health Service Areas: Appleton, Brookfield, Burlington, Chilton, Cudahy, Elkhorn, Fond Du Lac, Fort Atkinson, Green Bay, Hartford, Kenosha, Kewaunee, Manitowoc, Marinette, Menomonee Falls, Milwaukee, Neenah, Oconomowoc, Oconto Falls, Oshkosh, Plymouth, Port Washington, Racine, Shawano, Sheboygan, Sturgeon Bay, Two Rivers, Watertown, Waukesha, West Allis, and West Bend.

5.      Uriel Pharmacy Health and Welfare Plan, Uriel Pharmacy, Inc., Hometown Pharmacy, and Hometown Pharmacy Health and Welfare Benefits Plan (collectively, "Plaintiffs") are hereby appointed as representatives of the Class for the following reasons:

a) Plaintiffs allege on behalf of the Class the same manner of injury from the same course of conduct that Plaintiffs complain of for themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3) and that Rule 23(a)(3) is therefore met; and

b) Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests do not conflict in any cognizable or material way with the interests of absent members of the Class. All Class members share a common interest in proving AAH's alleged anticompetitive conduct, and all Class members share a common interest in recovering overcharge damages. Moreover, any Class member that wishes to opt out of the Class will be given an opportunity to do so. Furthermore, Plaintiffs are well-qualified to represent the Class in this case, given their retention of qualified counsel and the vigor with which Plaintiffs and the counsel retained by Plaintiffs have prosecuted this action on behalf of the Class thus far. The Court thus finds that Rule 23(a)(4) is met.

6.      Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members. In light of the Class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized

3

proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof.  Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action.  The Court also believes that there are few if any manageability problems presented by a case such as this.  The Court therefore finds that Rule 23(b)(3) is met.

7.      The Court finds that counsel for the Class has prosecuted this litigation effectively to date, and, having considered the factors provided in Rule 23(g)(1)(A), appoints Fairmark Partners, LLP and Berger Montague PC as Co-Lead Counsel for the Class pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).  Co-Lead Counsel for the Class has extensive experience in antitrust class action cases and is working effectively to prosecute this case.  Co-Lead Counsel for the Class is directed to ensure that any remaining work in this litigation that is performed by counsel for the Class is performed efficiently and without duplication of effort.

**IT IS SO ORDERED.**

Dated: _____, 2026


BY THE COURT:


_____
Lynn Adelman, U.S.D.J.
United States District Judge
Eastern District of Wisconsin