# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| URIEL PHARMACY HEALTH AND WELFARE PLAN; AND URIEL PHARMACY, INC., on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC.,<br><br>Defendants. | Case No. 2:22-CV-00610 |
| PATRICK SHAW, DEBRA SHAW, and HALEY SHAW, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC.,<br><br>Defendants. | Case No. 24-CV-00157 |

**NONPARTY HUMANA INC.'S LIMITED RESPONSE AND MOTION TO MAINTAIN RESTRICTED ACCESS TO CERTAIN HUMANA MATERIALS**

1

Nonparty Humana Inc. ("Humana") respectfully submits this limited response and, to the extent necessary, motion under General Local Rule 79(d)(3) in support of continued restricted access to certain Humana materials filed in connection with Plaintiffs' class certification motion and Defendants' Daubert motions.

Humana does not seek continued restriction merely because documents were designated confidential under a protective order. Nor does Humana seek wholesale restriction of every Humana-designated document or transcript excerpt filed in connection with the pending motions. Humana's request is limited to materials that disclose nonpublic trade-secret or competitively sensitive business information that Humana maintains as confidential and that derives independent economic value from not being publicly known.

Specifically, Humana supports continued restricted access to the following materials and any corresponding portions of the parties' restricted briefs, declarations, expert materials, or trial plan that quote, summarize, or disclose the protected information:

- Plaintiffs' Class Certification Exhibit 28, excerpted deposition testimony of Humana employee Paul Maxwell concerning a confidential internal Humana dashboard that has not been publicly filed in this litigation;

- Plaintiffs' Class Certification Exhibit 29, titled *North Central Region: Milwaukee, Supply Chain Risk Evaluation*;

- Plaintiffs' Class Certification Exhibit 31, titled *North Central Region: Green Bay, Supply Chain Risk Evaluation*;

- Johnson Palmer Daubert Declaration Exhibit 39, Humana_ShawAAH_00249, a 2020 Wisconsin small-group actuarial memorandum;

- Johnson Palmer Daubert Declaration Exhibit 40, Humana_ShawAAH_00320, a 2023 Wisconsin small-group actuarial memorandum;

- Johnson Palmer Daubert Declaration Exhibit 58, the declaration of Humana actuary Rob Michalski; and

- Any portions of briefs, declarations, expert materials, or other filings that quote or disclose the restricted contents of those exhibits.

2

*See* ECF No. 215 at 6–7; ECF No. 210 at 5; ECF No. 206 at 4.

Humana's request is supported by the accompanying declaration of Heather McArthur, which sets forth the factual basis for continued restriction.

## I.  Applicable Standard

General Local Rule 79(d)(3) requires a motion to restrict access or seal to be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. Where materials were designated confidential by someone other than the filing party, the designating party may submit facts demonstrating good cause to continue restriction.

Under Seventh Circuit law, a protective-order designation alone is insufficient. The party seeking continued restriction must provide a specific, document-by-document showing that the material contains trade secrets or comparable long-term confidential information, or otherwise falls within a recognized basis for nonpublic treatment. Humana provides that showing here. Wisconsin law defines trade-secret information to include a formula, pattern, compilation, program, device, method, technique, or process that derives independent economic value from not being generally known or readily ascertainable and is subject to reasonable efforts to maintain secrecy. The materials addressed below satisfy that standard.

## II.  Plaintiffs' Class Certification Exhibits 28, 29 and 31 Should Remain Restricted

### A.  Exhibit 28

Plaintiffs' Exhibit 28 consists of deposition testimony discussing and interpreting a separate confidential Humana dashboard that was not publicly filed in this litigation. Although the dashboard itself is not before the Court, the testimony discloses nonpublic information contained in that dashboard, including Humana's internal market share metrics, Humana's assessment of provider concentration, and Humana's identification of particular provider systems as strategically important to Humana's operations and growth.

The testimony also discusses Humana's internal strategic planning concerning provider partnerships and the alignment of commercial and Medicare contracting priorities. Public disclosure would therefore reveal portions of the contents and conclusions of a confidential internal business-analysis document even though the document itself remains nonpublic. Because the testimony effectively discloses confidential information drawn from a nonpublic Humana dashboard and reveals Humana's internal strategic assessments, good cause exists to maintain restricted access to the limited portions of Exhibit 28 that disclose this information.

## B. Exhibits 29 and 31

Plaintiffs' Exhibits 29 and 31 are internal Humana market blueprint documents concerning Humana's Individual Medicare Advantage Prescription Drug business in Milwaukee and Green Bay. They are not ordinary historical commercial materials. They disclose internal market, provider-network, supply-chain, and risk-assessment analyses concerning Humana's Medicare Advantage business.

The documents contain nonpublic compilations of Humana's internal analyses, including:

- Humana's Individual MAPD market position;

- Humana's provider concentration and membership concentration by provider;

- provider-specific reimbursement or risk-model information;

- internal underwriting and margin information;

- product and distribution strategy;

- broker/channel information;

- provider-specific disruption scenarios;

- impact and probability assessments;

- directional estimates of at-risk covered lives;

- mitigation and protection assessments; and

- Humana's internal assessment of provider leverage and network vulnerability.

This information is not publicly available. Humana maintains this type of information confidentially and limits access to employees and advisors on a need-to-know basis. Public disclosure would reveal how Humana internally evaluates provider concentration, provider leverage, network adequacy exposure, termination risk, mitigation status, and supply-chain vulnerability.

That information would be valuable to provider systems, competitors, brokers, and other market participants. Provider systems could use the information to identify Humana's perceived vulnerabilities and leverage them in negotiations, including by demanding more favorable reimbursement, risk-sharing, or network terms. Competitors could use the information to assess Humana's market position, provider dependencies, product strategy, and network-risk profile. Humana acknowledges that some materials produced in this litigation relate to Humana's former employer group commercial medical business. Humana is not seeking continued restriction of information merely because it relates to a former commercial business line or because it was once designated confidential. Exhibits 29 and 31 are different. They concern Humana's Individual MAPD business and reveal methodologies, matrices, and provider-specific analyses that remain relevant to Humana's current Medicare Advantage and Medicaid network strategy. Humana continues to use the same or materially similar supply-chain risk, provider concentration, network adequacy, and provider termination-risk analyses in its current Medicare Advantage and Medicaid businesses.

For these reasons, good cause exists to maintain restricted access to Plaintiffs' Exhibits 29 and 31 and to any corresponding portions of the parties' filings that quote or disclose the protected content of those exhibits.

## III.  Defendants' Exhibits 39, 40, and 58 Should Remain Restricted

### A.  Exhibits 39 and 40

Johnson Palmer Daubert Declaration Exhibits 39 and 40 are unredacted Humana actuarial memoranda submitted in connection with Wisconsin small-group rate filings. The documents contain detailed nonpublic actuarial, pricing, claims, trend, risk-adjustment, paid-to-allowed, projected-index-rate, plan-adjusted-index-rate, administrative-expense, and profit/risk-margin information. They also describe internal Humana pricing methodologies, modeling inputs, actuarial assumptions, provider unit-cost considerations, and rate-development calculations. This information is proprietary and derives independent economic value from not being publicly known. Public disclosure would allow competitors and other market participants to reverse-engineer Humana's historical rate-development methods, pricing assumptions, claims projections, trend assumptions, risk-adjustment methodology, administrative load, margin assumptions, and cost position. Even though Humana has exited the employer group commercial medical market, the unredacted actuarial memoranda reveal proprietary actuarial and rate-development methods and assumptions that remain competitively sensitive.

Humana has also taken steps outside this litigation to maintain the confidentiality of these materials. For the 2020 filing, Humana requested confidential treatment from the Wisconsin Office of the Commissioner of Insurance on the ground that the filing contained proprietary financial and trade-secret information. The SERFF public record reflects that the actuarial memorandum and supporting exhibits, company-specific rate manual, Unified Rate Review

6

Template, and filing correspondence were withheld from public view based on Humana's assertion of proprietary treatment under Wis. Stat. § 134.90(1).

The same is true for the 2023 filing. The public SERFF materials include a redacted version of the actuarial memorandum, while the unredacted actuarial memorandum and supporting materials were withheld from public view based on Humana's assertion that the information is proprietary under Wis. Stat. § 134.90(1). Exhibit 40 is the unredacted version of that actuarial memorandum.

Those facts demonstrate that Humana has consistently treated the unredacted actuarial memoranda as confidential trade-secret material, not merely as litigation-confidential discovery. They also confirm that the specific information Humana seeks to protect has not been made publicly available through the regulatory filing process.

For these reasons, good cause exists to maintain restricted access to Johnson Palmer Daubert Declaration Exhibits 39 and 40 and to any corresponding portions of the parties' filings that quote or disclose the protected contents of those exhibits.

## B. Exhibit 58

Johnson Palmer Daubert Declaration Exhibit 58 is a declaration by Humana actuary Rob Michalski explaining and discussing the confidential actuarial processes reflected in Exhibits 39 and 40.

The declaration describes the methodologies, assumptions, and analytical approaches Humana uses in preparing actuarial rate-development materials and discusses nonpublic business information contained in those materials. In doing so, it necessarily reveals aspects of Humana's proprietary actuarial practices and internal decision-making processes.

Public disclosure of Exhibit 58 would provide competitors and other market participants with insight into Humana's confidential methods for developing rates, evaluating market

7

conditions, assessing claims trends, and evaluating business performance. Because Exhibit 58 is directed specifically to explaining and contextualizing the confidential actuarial memoranda submitted as Exhibits 39 and 40, disclosure of the declaration would effectively reveal the same categories of competitively sensitive information that warrant continued restriction of those underlying documents. In addition, disclosure of Exhibit 58 would substantially undermine the protection afforded to Exhibits 39 and 40 because the declaration explains and interprets the very methodologies, assumptions, and analyses that Humana seeks to protect in those actuarial memoranda.

For these reasons, good cause exists to maintain restricted access to Exhibit 58.

## IV. The Requested Restriction Is Narrowly Tailored

Humana's request is narrow. Humana does not seek blanket restriction of all Humana materials filed by Plaintiffs or Defendants. Humana seeks continued restricted access only for the specific materials that disclose nonpublic trade-secret or competitively sensitive information concerning Humana's Medicare Advantage network-risk analyses and proprietary actuarial rate-development materials.

If the Court determines that any of the materials should be filed publicly in redacted form, Humana respectfully requests an opportunity to propose redactions that protect the trade-secret information described above while permitting public access to non-sensitive portions. For the actuarial memoranda, Humana's proposed redactions would be guided by the redactions and withholding reflected in the public SERFF records. For the Medicare Advantage market blueprint documents, Humana's proposed redactions would protect the provider-specific, membership, margin, risk-rating, at-risk-lives, mitigation, and strategy content while leaving generic titles, headings, and non-sensitive information public where feasible.

## V. Conclusion

For the foregoing reasons, and based on the accompanying declaration of Heather McArthur, Humana respectfully requests that the Court maintain restricted access to Plaintiffs' Class Certification Exhibits 28, 29, and 31, Johnson Palmer Daubert Declaration Exhibits 39, 40, and 58, and any portions of the parties' briefs, declarations, expert materials, or other filings that quote or disclose the protected contents of those exhibits.

Dated: June 23, 2026

ROBINS KAPLAN LLP

By: /s/ *Eric P. Barstad*
Eric P. Barstad
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel: (612) 349-8500
ebarstad@robinskaplan.com

*Counsel to Non-Party Humana, Inc.*