# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| URIEL PHARMACY HEALTH AND WELFARE PLAN; and URIEL PHARMACY, INC., on their own behalf and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC.,<br><br>   Defendants. | Case No. 2:22-cv-00610 |
| PATRICK SHAW, DEBRA SHAW, and HALEY SHAW, on their own behalf and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>ADVOCATE AURORA HEALTH, INC. and AURORA HEALTH CARE, INC.,<br><br>   Defendants. | Case No. 2:24-cv-00157 |

## NON-PARTY UNITEDHEALTHCARE, INC.'S RESPONSE IN SUPPORT OF MOTIONS TO RESTRICT

Pursuant to General L.R. 79(d) and the Order Regarding Confidentiality (ECF No. 57, *Uriel*; ECF No. 26, *Shaw*[1]), Non-Party UnitedHealthcare, Inc. ("United") submits this Response

---

[1] There is some overlap in that which the parties moved to restrict across both the *Uriel* and *Shaw* dockets. Where applicable, both the *Uriel* and *Shaw* docket numbers will be identified.

in Support of Motions to Restrict.  This Response pertains to several Motions to Restrict on both the *Uriel* and *Shaw* dockets.  On the *Uriel* docket, these include ECF Nos. 205, 210, and 215.  On the *Shaw* docket, these include ECF Nos. 103, 105, and 115.

The documents and testimony which United seeks to maintain under restricted access have been narrowly tailored to include only those which contain United's confidential business information, trade secrets, and/or references thereto.  For the reasons set forth below, United respectfully requests that the Court grant the Motions to Restrict with respect to the exhibits and restriction requests summarized in Charts A-D of this Response.

## I.    SUMMARY OF MATERIALS TO BE RESTRICTED

Materials which United provided to the parties pursuant to the Court-approved Protective Order (ECF No. 66, *Uriel*; ECF No. 25, *Shaw*) were used as exhibits in support of several motions on both the *Uriel* and *Shaw* dockets and were preliminarily filed under restricted access.

These motions include: 1) Plaintiffs' Motion to Exclude Opinions Offered by Mr. Jonathan Orszag[2], 2) Plaintiffs' separate Motions for Class Certification[3], and 3) Defendants' separate Motions to Exclude Expert Testimony of Jeffrey J. Leitzinger, Louis F. Rossiter, and Mark Wernicke.[4]  Pursuant to General L.R. 79(d), the parties filed accompanying Motions to Restrict at ECF Nos. 205, 210, and 215 on the *Uriel* docket, and ECF Nos. 105, 115, and 103 on the *Shaw* docket, accordingly.

United identifies the confidential materials and restriction requests pertaining to these various Motions to Restrict in the charts below:

---

[2] ECF No. 211, *Uriel*; ECF No. 116, *Shaw*.

[3] ECF No. 216, *Uriel*; ECF No. 106, *Shaw*.

[4] ECF No. 208, *Uriel*; ECF Nos. 109 and 103, *Shaw*.

2

| CHART A: Motion to Restrict Documents Filed in Support of Plaintiffs' Motion to Exclude Opinions Offered by Mr. Jonathan Orszag (ECF No. 210, *Uriel*; ECF No. 115, *Shaw*) ||
|---|---|
| **Document** | **Restriction Request** |
| Exhibit 12[5]: Redacted excerpt of the transcript of the 30(b)(6) deposition of UnitedHealthcare, through representative Joanne Beck | Redact from 254:12 to 256:14. |


| CHART B: Motion to Restrict Documents Filed in Support of Plaintiffs' Motion for Class Certification (ECF No. 215, *Uriel*) ||
|---|---|
| **Document** | **Restriction Request** |
| Exhibit 23: Email from Joanne Beck to Kristi Coklas dated October 30, 2020 | Redact in full. |
| Exhibit 32: Document titled UnitedHealthcare Local Wisconsin/Michigan 2021 Business Plan | Redact in full. |
| Exhibit 33: Document titled Wisconsin Nexus ACO July 2022 FAQ for Sales and Account Management | Redact in full. |
| Exhibit 47: Document titled Advocate Aurora Health Renewal Interests | Redact in full. |
| Exhibit 86: Excerpt of transcript of Joanna Beck's 30(b)(6) deposition on July 31, 2025 | Redact from 272:13 to 273:25. |


| CHART C: Motion to Restrict Documents Filed in Support of Plaintiffs' Motion for Class Certification (ECF No. 105, *Shaw*) ||
|---|---|
| **Document** | **Restriction Request** |
| Exhibit BB: Excerpt of the transcript of the 30(b)(6) deposition of UnitedHealthcare, through representative Joanne Beck | Redact from 100:13 to 100:19. |
| Exhibit CC: UnitedHealthcare presentation titled "Local | Redact in full. |

---

[5] On the *Shaw* docket, the exhibit is listed as Exhibit N.

| Wisconsin/Michigan 2021 Business Plan" | |
|---|---|

| CHART D: | |
|---|---|
| **Motion to Restrict Documents Filed in Support of Defendants' separate Motion to Exclude Expert Testimony of Jeffrey J. Leitzinger, Louis F. Rossiter, and Mark Wernicke (ECF No. 205, *Uriel*; ECF No. 103, *Shaw*)[6]** | |
| **Document** | **Restriction Request** |
| Exhibit 34: Declaration of Donovan Wackman (United Healthcare) | Redact Paragraphs 3 through 6. |
| Exhibit 38: UnitedHealthcare actuarial memorandum | Redact in full page bates-stamped UHG-Shaw-00000218. |

As set forth in the Motions to Restrict, United met and conferred with the parties to this action in a good faith attempt to limit the scope of the documents subject to sealing under this Motion pursuant to General Local Rule 79(d)(4). United understands that no party opposes continued restricted treatment.

## II. LEGAL STANDARD

"General Local Rule 79(d) governs procedures for motions to restrict." *Hydrite Chem. Co. v. Archangel Inc.*, No. 22-CV-266-PP, 2022 WL 16924542, at *1 (E.D. Wis. Nov. 14, 2022) (quoting *Ramos v. Cont'l Auto. Sys., Inc.*, No. 18-cv-1900-pp, 2020 WL 8617482, at *1 (E.D. Wis. Sept. 3, 2020)). Pursuant to this rule, "Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(3). When the documents or materials sought to be restricted have been designated confidential by someone other than the filing party, "the party who wishes to preserve confidentiality is the nonmovant, then that party must file a response to the motion in

---

[6] The exhibits used in support of these Motions were attached to the Declaration of Anne Johnson Palmer. *See* ECF No. 209, *Uriel*; ECF No. 118, *Shaw*.

which good cause is shown." *See* Order Regarding Confidentiality (ECF No. 57, *Uriel*; ECF No. 26, *Shaw*). Good cause is established when the party "show[s] that the material reveals a trade secret or other information that may be withheld from the public record." *Id.*

"Documents containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal." *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2014 WL 792086, at *3 (E.D. Wis. Feb. 25, 2014). Moreover, sealing or restricting access "may be necessary where public disclosure of the information would effectively afford 'other firms an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the [document]'s having become caught up in litigation and as a result having become filed in court.'" *Id.* (quoting *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003)).

Even notwithstanding a showing of good cause, a court may also restrict access to documents when they are not particularly "relevant to the issues decided" by the court. *Uriel Pharmacy Health & Welfare Plan v. Advoc. Aurora Health, Inc.*, 348 F.R.D. 329, 342 (E.D. Wis. 2025). *See also Shekar v. Accurate Background, Inc.*, 428 F. Supp. 3d 9, 19 (E.D. Wis. 2019) ("Nonetheless, the documents themselves were irrelevant to my decision on the motion for class certification, and I did not review them. For this reason, they may remain restricted.").

## III.  STATEMENT IN SUPPORT OF RESTRICTING

United respectfully submits that the exhibits in Charts A-D should remain under restricted access for several reasons. First, United is a non-party to this litigation and it is unlikely that any of its materials are central to the issues before the Court. To the extent the materials are not necessarily or directly "relevant to the issues decided" in the underlying

motions for class certification and motions to exclude testimony, they may properly remain under restricted access. *See Uriel*, 348 F.R.D. at 343. *See also Love v. Med. Coll. of Wisconsin*, No. 15-C-0650, 2020 WL 13199737, at *1 (E.D. Wis. June 29, 2020) (holding that certain documents "did not form the basis of my resolution of the parties' motions . . . and may remain restricted").

Second, upon meeting and conferring, all parties who have submitted United's materials support their continued restriction. With respect to the United materials used in Defendants' underlying motions, Defendants have agreed that they "contain references to, and discussions of, confidential business information such as sensitive, non-public, contracting terms and details of contract negotiations" and therefore "support the continued sealing of these materials." *See* ECF No. 206 at 5, *Uriel*; ECF No. 104 at 5, *Shaw*. Plaintiffs also supported the continued restriction of United materials used in their underlying motions despite having objected to the continued restriction of numerous other exhibits, including other non-party documents. Thus, while merely referencing the Protective Order may be an insufficient basis for continued restriction, the fact that all sophisticated parties in this matter support continued restriction of this non-public business information substantiates United's position that good cause exists here.

Third, as set forth below, the exhibits contain United's confidential and sensitive business information which, if released to the public, would cause competitive harm. Each of these materials are discussed as follows, demonstrating that good cause indeed exists to support their continued restriction:

### *Chart A Exhibits Should Remain Restricted*

The narrowly tailored portions of the exhibit listed in Chart A should be restricted due to the competitively sensitive nature of the testimony. Exhibit 12 details the extent that United has

entered into certain confidential contractual terms during its negotiations with certain health systems. If made public, competitors as well as other health care providers with whom United negotiates would obtain previously undisclosed knowledge of United's contract terms and related negotiating positions/strategy. Maintaining restricted access is therefore proper. *See, e.g.*, *Hydrite*, 2022 WL 16924542, at *2 (restricting access to documents "where public disclosure would give other firms a competitive advantage").

### Chart B Exhibits Should Remain Restricted

Access to the exhibits in Chart B should be restricted because they reveal both United's internal strategy for business development and specific contract negotiations. Specifically, Exhibit 23 consists entirely of United's internal communications concerning United's business strategy in Wisconsin and particular contract terms and negotiations. Exhibits 32 and 33 reveal United's internal business strategies for growth and incorporate highly sensitive information such as costs and other competitive and non-public details pertaining to United's geographic network and customer base. Exhibit 47 provides extensive strategic insight into the relationship between United and a particular health system, including details of the confidential contractual arrangements between the two entities and competitive financial metrics. And Exhibit 86 includes testimony from a United representative detailing specific contract terms and negotiations between United and a health system—including United's internal strategy and decision-making.

Materials such as these are routinely restricted by courts in this district. *See, e.g.*, *Medline Industries, Inc. v. Diversey, Inc.*, No. 20-cv-1579-pp, 2022 WL 1620346, at *2 (E.D. Wis. May 23, 2022) (restricting public access to confidential information such as business costs and internal strategy); *Formax Inc.*, 2014 WL 792086, at *3 (allowing restriction for confidential

information including competitive strategies, production, and financial information); *Thermal Design, Inc. v. Guardian Bldg. Products, Inc.,* No. 08-C-828, 2011 WL 5105490, at *2 (E.D. Wis. Oct. 25, 2011) (granting a motion to seal where information contained highly sensitive sales data that revealed—both directly and indirectly—customer and/or vendor specific pricing).

If filed on the public docket, each of the exhibits would give competitors an "unearned competitive advantage." *Formax*, 2014 WL 792086, at *3. Accordingly, maintaining restricted access is proper.

### Chart C Exhibits Should Remain Restricted

Access to the exhibits in Chart C should be restricted as they contain sensitive financial information and references thereto. Exhibit BB includes testimony pertaining to the financial scale of a particular health system's spend within United. This information reveals nonpublic financial information about United's business as well as the potential impact United's relationships with given contracting systems has on its financial bottom-line. Exhibit CC is a nonpublic business strategy slide deck which analyzes in detail United's internal growth strategies and incorporates highly sensitive information such as pricing, costs, margins, and other financial metrics pertaining to United's business in various geographic segments. As set forth in III.B. above, highly sensitive business documents of this nature are routinely restricted by courts in this district. As such, maintaining restricted access is proper here as well.

### Chart D Exhibits Should Remain Restricted

Finally, the exhibits in Chart D should also be restricted due to the competitively sensitive nature of the documents. Both Exhibit 34 and Exhibit 38 contain specific information pertaining to how United sets prices for premiums on the insurance products it offers. The narrowly tailored redactions to Exhibit 34 consist of testimony from a United representative describing the factors

8

and considerations that United internally takes into account when setting its premiums. Similarly, Exhibit 38 details actuarial information and financial records which United has utilized in decision making pertaining to setting of such prices and developing a group insurance plans. Both exhibits contain the type of information which United regularly and intentionally keeps confidential to avoid providing competitors with an unearned advantage. Such information should not be publicly revealed to the harm of United (and the benefit of United's competitors) simply because United was compelled to respond by subpoena for such information in this action. For the reasons set forth in III.B. above, maintaining restricted access is proper here as well.

## IV. CONCLUSION

For the foregoing reasons, United respectfully requests that this Court grant the Motions to Restrict at ECF Nos. 205, 210, and 215 (*Uriel*) and ECF Nos. 103, 105, and 115 (*Shaw*) with respect to the exhibits in Charts A-D of this Response and the corresponding restriction requests.

Dated: June 23, 2026

_s/Alex Buri_

Alex Buri
Attorney Bar Number: 1090038
ZELLE LLP
500 Washington Avenue South
Suite 4000
Minneapolis MN 55415
Telephone: (612) 359-4278
aburi@zellelaw.com

Judith A. Zahid (admission forthcoming)
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
jzahid@zellelaw.com

*Attorneys for Non-Party UnitedHealthcare, Inc.*

9