| | |
|---|---|
| URIEL PHARMACY HEALTH AND WELFARE PLAN, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> ADVOCATE AURORA HEALTH, INC., *et al.* <br> Defendants. | No. 2:22-cv-610-LA |
| SHAW, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> ADVOCATE AURORA HEALTH, INC., *et al.* <br> Defendants. | No. 2:24-CV-00157-LA |

## MOTION IN SUPPORT OF MAINTAINING RESTRICTED ACCESS TO CERTAIN NON-PARTY DOCUMENTS AND DEPOSITION EXCERPTS

On behalf of Non-Parties Wisconsin Physicians Service Corporation ("WPS"), ProHealth Care, Inc. ("PHC"), Bellin Health ("Bellin"), and Network Health, Inc. ("NHI") (collectively "Non-Party Designating Parties") the undersigned counsel respectfully submits this Motion in Support of Maintaining Restricted Access to Certain Non-Party Documents and Deposition Excerpts pursuant to General Local Rule 79(d)(3). The Non-Party Designating Parties submit this

1

Motion in support of Motions to File Under Restricted Access relating to Plaintiffs' Daubert and Class Certification Motions, as well as Defendants' Daubert Motion.

*Legal Standard and Analysis*

General Local Rule 79(d)(3) requires a motion to restrict access or seal is supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. Where materials are designated confidential by someone other than the filing party, the designating party may submit additional information demonstrating good cause to maintain the materials under seal. Plaintiffs and Defendants previously sought the Non-Party confidential and highly confidential information through the issuance of third party subpoenas. The Non-Party Designating Parties designated certain materials as Highly Confidential pursuant to the Protective Order (ECF Nos. 56, 57) in these matters. The information contained in the documents and deposition excerpts is confidential, non-public, and competitively sensitive information. The information has independent economic value from not being generally known or readily ascertainable, and if their competitors were able to access this information it could cause competitive harm to the Non-Party Designating Parties. The Non-Party Designating Parties provide additional information below to support that there is good cause to maintain restricted access to these documents and deposition. *See, e.g., Grove US LLC v. Sany Am. Inc.*, No. 15-CV-647, 2019 WL 969814, at *9 (E.D. Wis. Feb. 28, 2019) (finding that good cause exists where documents would reveal commercially sensitive information or give third parties an unearned competitive advantage).

Even if good cause is not demonstrated (unlike here, where there is demonstrable good cause), the Court may also restrict access to documents when they are not particularly "relevant to

2

the issues decided" by the court. *Uriel Pharmacy Health & Welfare Plan v. Advocate Aurora Health, Inc.*, 348 F.R.D. 329, 342 (E.D. Wis. 2025).

Pursuant to Local Rule 79(d)(4), counsel for the Non-Party Designating Parties certifies that it met and conferred with Plaintiffs' and Defendants' counsel. Indeed, Plaintiffs' counsel supports continued restriction of the Non-Party Designating Parties' materials as set forth in their Motions and supporting documents and Defendants do not object to maintaining restricted access to the highly confidential Non-Party Designating Parties' materials they rely on in their Daubert Motion and supporting documents.

***Factual Basis to Support Good Cause for Maintaining Restricted Access***

The Non-Party Designating Parties' Motion for Maintaining Restricted Access to the materials listed below is limited to documents and deposition excerpts that disclose confidential, non-public, and competitively sensitive business information that they maintain as confidential and that derives independent economic value from not being generally known or readily ascertainable. The Non-Party Designating Parties provide further factual basis demonstrating good cause for maintaining restricted access to their materials as set forth in the chart below.

| Non-Party Restricted Material | Non-Party | Description of Non-Party Restricted Material | Parties' Position | Non-Parties' Support for Continued Restricted Access |
|---|---|---|---|---|
| ***Uriel* Plaintiffs' Daubert Ex. 14 (ECF 212-14); *Shaw* Plaintiffs' Daubert Ex. O (ECF 107-15)** | WPS | Current State Summary.xlsx dated April 22, 2022 (AURORA00001869) | Support continued sealing | Sealed materials reflect confidential, non-public, competitively sensitive business strategy and analysis of Non-Party WPS. WPS takes reasonable measures to ensure the confidentiality of this information. |

3

| | | | | |
|---|---|---|---|---|
| *Uriel* **Plaintiffs' Class Certification Ex. 24[1] (ECF 219-25)** | WPS | Redacted excerpt of transcript of Jeremy Ott's 30(b)(6) deposition on July 11, 2025 | Support continued sealing | Redacted testimony is not cited in briefing reflects confidential testimony from Non-Party WPS regarding non-public, competitively sensitive business strategy and interactions with providers. WPS takes reasonable measures to ensure the confidentiality of this information. |
| *Uriel* **Plaintiffs' Class Certification Ex. 78 (ECF 219-79)** | PHC | Redacted letter from Juliet Spector to Daniel Bailey | Support continued sealing | Redacted portions of letter not cited in brief reflect confidential information from consultant. PHC takes reasonable measures to ensure the confidentiality of this information. |
| *Uriel* **Plaintiffs' Class Certification Ex. 79 (ECF 219-80)** | WPS | Redacted email from Heather Olivia to Larry Lenz and Daniel Stahlkopf dated July 26, 2023 | Support continued sealing | Redacted emails reflect confidential, non-public, competitively sensitive correspondence regarding Non-Party WPS' rates and contracting strategy WPS takes reasonable measures to ensure the confidentiality of this information.. |
| *Uriel* **Plaintiffs' Class Certification** | Bellin | Redacted excerpt of transcript of Naomi Wedin's 30(b)(6) deposition on January 20, 2025 | Support continued sealing | Redacted testimony reflects confidential, non-public, and competitively sensitive testimony and |

---

[1] Plaintiffs have indicated that this exhibit, which was submitted to the Court in redacted form to protect the confidential information contained in this document, was inadvertently omitted from its Motion to Seal. Plaintiffs have represented that they support the redaction of this Exhibit.

| | | | | |
|---|---|---|---|---|
| **Ex. 83 (ECF 219-84)** | | | | information regarding Non-Party Bellin's contracts, network formation, and interactions with payors. Bellin takes reasonable measures to ensure the confidentiality of this information. |
| *Uriel* and *Shaw* **Defendants' Daubert Ex. 26 (ECFs 209-27, 118-27)** | WPS | WPS and Ascension contract effective February 1, 2016 (AURORA00003320) | No Objection to Sealing | Confidential, non-public, and competitively sensitive agreement between Non-Party WPS and another non-party WPS takes reasonable measures to ensure the confidentiality of this information. |
| *Uriel* and *Shaw* **Defendants' Daubert Ex. 27 (ECFs 209-28, 118-28)** | NHI | Network Health and Ascension contract effective January 1, 2018 (NH_Uriel_0000002) | No Objection to Sealing | Confidential, non-public, and competitively sensitive agreement between Non-Party NHI and another non-party. NHI takes reasonable measures to ensure the confidentiality of this information. |
| *Uriel* and *Shaw* **Defendants' Daubert Ex. 29 (ECFs 209-30, 118-30)** | NHI | Network Health and Ascension contract effective January 1, 2024 (NH_Uriel_0000407) | No Objection to Sealing | Confidential, non-public, and competitively sensitive agreement between Non-Party NHI and another non-party. NHI takes reasonable measures to ensure the confidentiality of this information. |

| | | | | |
|---|---|---|---|---|
| ***Uriel*** **and** ***Shaw*** **Defendants' Daubert Ex. 32 (ECFs 209-33, 118-33)** | Bellin | Bellin Health and Common Ground/Physician Partners contract effective November 1, 2015 (Bellin_Shaw_0000785) | No Objection to Sealing | Confidential, non-public, and competitively sensitive agreement between Non-Party Bellin and another non-party. Bellin takes reasonable measures to ensure the confidentiality of this information. |
| ***Uriel*** **and** ***Shaw*** **Defendants' Daubert Ex. 33 (ECFs 209-34, 118-34)** | Bellin | Bellin Health and Aspirus contract effective January 2, 2021 (Bellin_Shaw_0002429) | No Objection to Sealing | Confidential, non-public, and competitively sensitive agreement between Non-Party Bellin and another non-party. Bellin takes reasonable measures to ensure the confidentiality of this information. |
| ***Uriel*** **and** ***Shaw*** **Defendants' Daubert Ex. 35 (ECFs 209-36, 118-36)** | PHC | ProHealthCare and Aetna contract effective February 2, 2011 (ProHealth_Uriel_0000002) | No Objection to Sealing | Confidential, non-public, and competitively sensitive agreement between Non-Party PHC and other non-party. PHC takes reasonable measures to ensure the confidentiality of this information. |

**CONCLUSION**

For the foregoing reasons, the Non-Party Designating Parties respectfully request that the Court continue to restrict access to the documents and deposition excerpts set forth in the table above and maintain them under seal.

6

Dated: June 23, 2026

/s/ *Wendy Arends*
Wendy Arends
State Bar No. 1090021
**HUSCH BLACKWELL LLP**
33 East Main Street, Suite 300
Madison, WI 53703
Phone: (608) 258-7382
wendy.arends@huschblackwell.com

*Outside Counsel for Wisconsin Physicians
Insurance Corporation, ProHealth Care,
Inc., Bellin Health, and Network Health, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this day the foregoing was electronically filed using the Court's

CM/ECF system which will automatically and electronically service all counsel of record.

Dated: June 23, 2026.

/s/ *Wendy Arends*
Wendy Arends
State Bar No. 1090021
**HUSCH BLACKWELL LLP**
33 East Main Street, Suite 300
Madison, WI 53703
Phone: (608) 258-7382
wendy.arends@huschblackwell.com

8